Tax Parcel No. 12/6C/1/16

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
Wilkes-Barre Division

| | | |
|---|---|---|
| IN RE:  EDWARD DILLON | : | |
| and MARGARET DILLON | : | CHAPTER 13 |
| | : | |
| Debtors. | : | CASE NO.  5:17-bk-00337 |
| | : | |

## **CERTIFICATE OF SATISFACTION AND AVOIDANCE**

AND NOW COME, EDWARD and MARGARET DILLON (the "Debtors"), by and through their undersigned attorney, with their Certificate of Satisfaction and Avoidance, and in support thereof aver:

1.      By deed dated September 8, 1989, and recorded on September 11, 1989, in the Office of the Recorder of Deeds in and for the County of Monroe, in Book 1700, Page 177, the Debtors became the owners of the property more particularly described therein, and currently identified by Tax Code No. 12/6C/1/16, and now exclusively known as 1285 Scotrun Drive, Township of Pocono (for mailing purposes only:  Scotrun, PA  18355)(the "Property").

2.      By Mortgage dated June 15, 2007, and recorded on July 9, 2007, in the Office of the Recorder of Deeds in and for the County of Monroe, in Book 2310, Page 1855 (the "Second Mortgage"), the Debtors pledged the Property as security on a debt to the mortgagee named therein, to wit:  Mortgage Electronic Registration Systems Inc.  The Second Mortgage through a series of assignments is now held by MEB Loan Trust IV as evidenced by the recording at Book 2543, Page 7441.

3.      The Second Mortgage is a junior mortgage to a senior mortgage of record.

4.      On January 31, 2017, the Debtors filed a joint voluntary petition under chapter 13 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*., filed to Case No. 17-00337 (the "Bankruptcy Case"), in the United States Bankruptcy Court for the Middle District of Pennsylvania (the "Bankruptcy Court").

5.      On February 14, 2017, the Debtors filed in the Bankruptcy Case their Chapter 13 Plan (Including 1 Motion(s) to Avoid Liens and 1 Motion(s) to Value Collateral)(the "Confirmed Chapter 13 Plan") dated January 31, 2017, which Confirmed Chapter 13 Plan provided for

1

Avoidance of the Second Mortgage (See Section 2.D. thereof), a true and correct copy of which Confirmed Chapter 13 Plan is attached hereto as Exhibit "A," and by this reference incorporated herein as if set out at length herein.

6.      The holder and servicer of the Second Mortgage, was aware, and received notice, of all relevant activity in the Bankruptcy Case. The holder or servicer of the Second Mortgage filed a proof of claim in the Bankruptcy Case. Indeed, the holder of the Second Mortgage and the Debtors entered into a Stipulation settling the objection of the holder of the Second Mortgage to confirmation of the chapter 13 plan, which Stipulation provided at paragraph 2 thereof that the lien of the Second Mortgage shall be avoided upon confirmation, and the Debtors' receipt of a Chapter 13 discharge. True and correct copies of the Stipulation and Bankruptcy Court Order Approving the Stipulation are attached hereto as Exhibit "C," and by this reference incorporated herein as if set out at length herein (the "Stipulation and Order Resolving Objection to Confirmation").

7.      On June 29, 2017, the Bankruptcy Court entered an order entitled "Order Confirming Chapter 13 Plan" confirming the Debtor's Confirmed Chapter 13 Plan. A true and correct copy of said Order is attached hereto as Exhibit "B," and by this reference incorporated herein as if set out at length herein (the "Confirmation Order").

8.      The treatment of the Second Mortgage is now finally governed by the terms of the Confirmed Chapter 13 Plan.

9.      On March 24, 2022, the United Stated Bankruptcy Court entered its order entitled Order of Discharge, a true and correct copy of which is attached hereto as Exhibit "D," and by this reference incorporated herein as if set out at length herein.

10.     Pursuant to the plain language of the Debtor's Confirmed Chapter 13 Plan (Section 2.D. thereof), and the Stipulation and Order Resolving Objection to Confirmation, the Second Mortgage shall be satisfied and avoided by a confirmation order upon entry of the Order of Discharge. The Confirmation Order and the Order of Discharge now have all been entered on the docket of the Debtors' chapter 13 Bankruptcy Case.

WHEREFORE, the Debtors, EDWARD and MARGARET DILLON, and undersigned counsel, respectfully represent that the Second Mortgage filed at Book 2310, Page 1855, has been avoided and for all purposes satisfied via the terms of the Debtor's Confirmed Chapter 13 Plan, the Stipulation and Order Resolving Objection to Confirmation, the Confirmation Order, and the

2

Order of Discharge, and respectfully request recording of this document with exhibits with the Monroe County Recorder of Deeds.

Dated: __April 4, 2022__          Respectfully submitted,

STEVEN R. SAVOIA, Attorney at Law

By: _____

         Attorney ID # 92253
         621 Ann Street, P.O. Box 263
         Stroudsburg, PA 18360
         Telephone No.: (570) 972-2060
         Facsimile No.: (570) 338-3499
Bankruptcy Attorney for EDWARD and MARGARET DILLON

3

# Exhibit A

Rev. 06/01/16

## LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**IN RE:**

EDWARD DILLON and
MARGARET DILLON
aka MARGARET M. DILLON
aka MARGARET MARY DILLON

**: CHAPTER 13**
**: CASE NO.** 5 - 17 -bk- 00337−RNO
**:**
**: CHAPTER 13 PLAN**
**:**
**: (Indicate if applicable)**
**:** 1 **# MOTIONS TO AVOID LIENS**
**:** 1 **# MOTIONS TO VALUE COLLATERAL**
**:**
**:** ✓ **ORIGINAL PLAN**
**: AMENDED PLAN**
**: (Indicate 1ST, 2ND, 3RD, etc.)**

---

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan

---

### PLAN PROVISIONS

**DISCHARGE:** **(Check one)**

✓ The debtor will seek a discharge of debts pursuant to Section 1328(a).

☐ The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:** **(Check if applicable)**

☐ This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.

# 1.     PLAN FUNDING AND LENGTH OF PLAN

A.     <u>Plan Payments</u>

1.     To date, the Debtor(s) has paid $___-0-___ (enter $0 if no payments have been made to the Trustee to date).  Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments.  If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below.  The total base plan is $60,000.00____, plus other payments and property stated in Section 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
|---|---|---|---|---|
| 02/17 | 01/22 | 1,000.00 | | 60,000.00 |

|  |  |
|---|---|
| Total Payments: | $     60,000.00 |

2.     If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly.  Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

3.     Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

4.     CHECK ONE:     ☐ Debtor(s) is at or under median income

☑ Debtor(s) is over median income.  Debtor(s) calculates that a minimum of $___-0-___ must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

B.     <u>Liquidation of Assets</u>

1.     In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $___-0-___ from the sale of property known and designated as N/A_____.  All sales shall be completed by

2

N/A , 20____ . If the property does not sell by the date specified, then the disposition of the property shall be as follows: N/A

2. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: N/A

3. The Debtor estimates that the liquidation value of this estate is $ -0- . (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

## 2. SECURED CLAIMS

A. <u>Pre-Confirmation Distributions</u>. Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
|  |  |  | $ |
|  |  |  | $ |

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

B. <u>Mortgages and Other Direct Payments by Debtor</u>. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms, unless otherwise agreed to by the contracting parties, and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| Bank of America | Debtors' Residence at 1285 Scotrun Drive, Scotrun, Monroe County, PA | $ 2,419.00 | $ 245,000.00 |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

C.  <u>Arrears</u>.  The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below.  If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Bank of America (1st Mortgage) | Ds' Res. at 1285 Scotrun Dr., Scotrun, Monroe County, PA | $ 5,000.00 | $ | $ 5,000.00 |
| | | $ | $ | $ |
| | | $ | $ | $ |
| | | $ | $ | $ |

D.  <u>Secured Claims Paid According to Modified Terms</u>.  These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge.  The excess of the creditor's claim will be treated as an unsecured claim.  Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim.  THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

4

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| Bank of America (2nd Mortgage) | Ds' Res. at 1285 Scotrun Dr., Scotrun, Monroe County, PA | $ -0- | % $ | | Plan |
| | | $ | % $ | | |
| | | $ | % $ | | |

**\* "PLAN" INDICATES THAT THE DEBTOR(S) PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

      E.    <u>Other Secured Claims</u>. (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| | | $ | % $ | |
| | | $ | % $ | |
| | | $ | % $ | |

      F.    <u>Surrender of Collateral</u>. Debtor(s) surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |
| | |
| | |

G.  <u>Lien Avoidance</u>.  The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

| Name of Creditor | Description of Collateral |
|---|---|
|  |  |
|  |  |
|  |  |

**THE DEBTOR(S) PROPOSES TO AVOID THE JUDICIAL LIEN OF THE CREDITOR(S) IN THIS PLAN.  CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION AND ALLOWANCE OF EXEMPTIONS PURSUANT TO § 522(f).  NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE JUDICIAL LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE.  IF THE CREDITOR(S) WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR(S) MUST FILE A TIMELY OBJECTION TO THIS PLAN.  OTHERWISE, CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

H.  <u>Optional provisions regarding duties of certain mortgage holders and servicers</u>.  Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions.  (Check if applicable)

 Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:

(1)  Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.  If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrearages.

(2)  Deem the pre-petition arrearage as contractually current upon confirmation of the plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(3)  Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.  Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

## 3.  PRIORITY CLAIMS

A.  Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under Section 8:

| Name of Creditor | | Estimated Total Payment |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |

B.    Administrative Claims:

(1)    Trustee fees.   Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

(2)    Attorney fees. Check only one box:

[✓]    In addition to the retainer of $ 2,000.00 already paid by the Debtor, the amount of $ 2,000.00 in the plan.  This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

[ ]    $ _____ per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney.  Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court pursuant to L.B.R. 2016-2(b).

(3)    Other administrative claims.

| Name of Creditor | | Estimated Total Payment |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |

4.    **UNSECURED CLAIMS**

A.    Claims of Unsecured Nonpriority Creditors Specially Classified.  Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| | | $ | % | $ |
| | | $ | % | $ |

7

B. All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):



| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| Honda Financial Services | 2015 Honda Civic | $ 250.00 | ¾ % | $ -0- | $ | Assume |
| Honda FinancialServic | 2015 Honda Accord | $ 216.00 | % | $ -0- | $ | Assume |

6. **REVESTING OF PROPERTY: (Check One)**

   ☐ Property of the estate will vest in the Debtor upon confirmation. (Not to be used with Section 2H)

   ☑ Property of the estate will vest in the Debtor upon closing of the case.

7. **STUDENT LOAN PROVISIONS**

   **(NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)**

| Name of Creditor | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
| | $ | % | $ | $ |
| | $ | % | $ | $ |

8. **OTHER PLAN PROVISIONS**

   A. Include the additional provisions below or on an attachment. **(NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

9.      **ORDER OF DISTRIBUTION:**

Payments from the plan will be made by the Trustee in the following order:

Level 1:
Level 2:
Level 3:
Level 4:
Level 5:
Level 6:
Level 7:
Level 8:

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:       Adequate protection payments.
Level 2:       Debtor's attorney's fees.
Level 3:       Domestic Support Obligations.
Level 4:       Priority claims, pro rata.
Level 5:       Secured claims, pro rata.
Level 6:       Specially classified unsecured claims.
Level 7:       General unsecured claims.
Level 8:       Untimely filed unsecured claims to which the Debtor has not objected.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the Trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor. Claims filed after the bar date that are not properly served on the Trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.

Dated:        January 31, 2017                         /s/ Steven R Savoia
                                                        Attorney for Debtor

                                                        /s/ Edward Dillon
                                                        Debtor

                                                        /s/ Margaret Dillon
                                                        Joint Debtor

# Exhibit B

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                             **CHAPTER 13**

EDWARD DILLON                :     **BK. No. 5:17-BK-00337-JJT**
MARGARET DILLON A/K/A MARGARET M.   :
DILLON A/K/A MARGARET MARY DILLON   :
                                 :

**Debtor**

## STIPULATION

To resolve the objection filed by BANK OF AMERICA, N.A., to confirmation of the Chapter 13 Plan filed by the Debtors, with respect to the junior mortgage of BANK OF AMERICA, N.A., identified in its proof of claim number 12 filed in this case, it is hereby stipulated by and between Phelan Hallinan Diamond & Jones, LLP, counsel for the junior mortgagee BANK OF AMERICA, N.A., and STEVEN R. SAVOIA, Esquire, counsel for the Debtors mortgagors, as follows:

1.     BANK OF AMERICA, N.A.'s claim with respect to its junior mortgage shall be allowed as a non-priority general unsecured claim and shall be paid as such in accordance with the Debtors' Chapter 13 Plan.

2.     BANK OF AMERICA, N.A.'s second lien shall be avoided and is contingent upon the Debtors' completion of the Chapter 13 Plan and otherwise in accordance with terms of the Chapter 13 Plan, the confirmation order that may be entered confirming the plan and the Debtors' receipt of a Chapter 13 discharge.

3.     BANK OF AMERICA, N.A. shall retain its lien for the full amount due under the subject loan in the event of either the dismissal of the Debtors' Chapter 13 case or the conversion of the Debtors' Chapter 13 case to any other Chapter under the United States Bankruptcy Code.

4.     Each party shall bear its own attorney's fees and costs incurred in the present case.

5.     In the event that the Subject Property is destroyed or damaged, pursuant to the Mortgage, BANK OF AMERICA, N.A., is entitled to its full rights as a junior mortgagee loss payee with respect to the insurance proceeds and has a security interest in such proceeds up to the entire balance due on the Mortgage.

6.     In the event that any entity, including the holder of the first lien on the Subject Property, forecloses on its security interest and extinguishes Creditor's lien prior to the Debtors' completion of the Chapter 13 Plan, BANK OF AMERICA, N.A.'s lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale.

7.    BANK OF AMERICA, N.A. shall retain its lien for the full amount due under the subject loan should the subject property be sold, or should a refinance take place prior to completion of a Chapter 13 Plan and entry of a Discharge.

8.    BANK OF AMERICA, N.A. shall withdraw in writing its objection to confirmation of the Debtors' Chapter 13 Plan currently scheduled for a confirmation hearing on June 28, 2017.

Date: 6/15/17

Mario J. Hanyon, Esquire
Phelan Hallinan Diamond & Jones, LLP
One Penn Center at Suburban Station
1617 J.F.K. Boulevard, Suite 1400
Philadelphia, PA 19103-1814

Date: 6/13/17

Steven R. Savoia, Esquire
Attorney for Debtors

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE:

EDWARD DILLON                                    BK. No. 17-00337 JJT
MARGARET DILLON                           :
A/K/A MARGARET M. DILLON A/K/A       :       Chapter No. 13
MARGARET MARY DILLON                  :
          **Debtors**                             :
                                                    :
BANK OF AMERICA, N.A.                    :
          **Movant**                             :
        **v.**                                           :
EDWARD DILLON                              :
MARGARET DILLON                           :
A/K/A MARGARET M. DILLON A/K/A       :
MARGARET MARY DILLON                  :
          **Respondents**


**ORDER GRANTING MOVANT'S MOTION TO APPROVE STIPULATION
IN SETTLEMENT OF THE OBJECTION TO PLAN**


       **IT IS ORDERED AND DECREED** that Movant's Motion To Approve

Stipulation ( docket 42) in Settlement of the Objection to Plan filed with the court June

16, 2017 is granted.


      Dated: August 30, 2017


                           By the Court,

                           _____
                           John J. Thomas, Bankruptcy Judge
                                     (RPR)

# Exhibit C

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

| | | |
|---|---|---|
| Edward Dillon | Chapter | 13 |
| Margaret Dillon | | |
| aka Margaret M Dillon, aka Margaret Mary Dillon | Case No. | 5:17–bk–00337–JJT |

Debtor(s)

## Order Confirming Chapter 13 Plan

The Chapter 13 Plan was filed on February 14, 2017. The Plan, or summary of the Plan, was transmitted to creditors pursuant to Bankruptcy Rule 3015. The Court finds that the Plan meets the requirements of 11 U.S.C §1325.

**IT IS HEREBY ORDERED THAT:**

The Chapter 13 Plan is confirmed.

Dated:  June 29, 2017

By the Court,

Honorable John J. Thomas
United States Bankruptcy Judge
By: PRadginsk, Deputy Clerk

# Exhibit D

| | | |
|---|---|---|
| Debtor 1 | **Edward Dillon** | Social Security number or ITIN    xxx–xx–3562 |
| | First Name     Middle Name     Last Name | EIN   _ _ – _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Margaret Dillon** | Social Security number or ITIN    xxx–xx–5875 |
| | First Name     Middle Name     Last Name | EIN   _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court | Middle District of Pennsylvania | |
| Case number: | 5:17–bk–00337–MJC | |

# Order of Discharge

**12/18**

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Edward Dillon

Margaret Dillon
aka Margaret M Dillon, aka Margaret Mary Dillon

**By the court:**

3/24/22

Mark J. Conway, United States
Bankruptcy Judge

---

### Explanation of Bankruptcy Discharge in a Chapter 13 Case

This order does not close or dismiss the case.

#### Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

#### Most debts are discharged

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

#### Some debts are not discharged

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

Form 3180W                    **Chapter 13 Discharge**                    page 1

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**



# COUNTY OF MONROE

**RECORDER OF DEEDS**
**ONE QUAKER PLAZA**
**ROOM 106**
**STROUDSBURG, PA 18360**
Area Code (570) 517-3969

Josephine Ferro - Recorder

---

**Instrument Number - 202210756**
**Recorded On 4/4/2022 At 2:53:53 PM**
* **Instrument Type - CERTICATE OF SATISFACTION & AVOIDANCE**
  **Invoice Number - 851676**
* **Grantor - DILLON, EDWARD**
* **Grantee - MEB LOAN TRUST IV**
  **User - FRC**
* **Customer - STEVEN SAVOIA**
* **FEES**

**Book - 2605   Starting Page - 9744**
* **Total Pages - 24**

| | |
|---|---|
| STATE WRIT TAX | $0.50 |
| RECORDING FEES | $51.00 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| TAX CODE CERTIFICATION FEES | $10.00 |
| TOTAL PAID | $66.50 |

**RETURN DOCUMENT TO:**
**STEVEN SAVOIA**

---

**MC GIS Registry UPI Certification**
**On April 4, 2022 By DMS1**

**TAX ID #**
**12/6C/1/16**
**Total Tax IDs: 1**



I Hereby CERTIFY that this document is recorded in the
Recorder's Office of Monroe County, Pennsylvania

*Josephine Ferro*

---

## THIS IS A CERTIFICATION PAGE

# Do Not Detach

### THIS PAGE IS NOW THE LAST PAGE
### OF THIS LEGAL DOCUMENT

---

\* - Information denoted by an asterisk may change during
the verification process and may not be reflected on this page.

07E796

**Book: 2605  Page: 9767**